**SO ORDERED.**

**SIGNED this 22 day of January, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

**SUZETTE RODGERS,**

      **DEBTOR.**                                             **Case N0. 08-00307-8-JRL
Chapter 13**

_____

**ORDER**

This case is before the court on the debtor's motion to impose a stay as to Green Tree Servicing, LLC (Green Tree). On January 18, 2008, the court conducted a hearing on this matter in Raleigh, North Carolina. On November 15, 2007, the debtor filed for relief under Chapter 13 of the Bankruptcy Code. The debtor had also filed two previous Chapter 13 petitions. The first case was filed on April 27, 2006 and dismissed on May 14, 2007. The debtor filed a second Chapter 13 case on May 21, 2007, which was dismissed on October 5, 2007. Green Tree is the holder of a claim secured by a deed of trust on the debtor's residence, which consists of real property and a mobile home. On January 8, 2008, Green Tree conducted a foreclosure sale of the debtor's real property. The upset bid period expires on January 18, 2008.

The Bankruptcy Code provides that an automatic stay goes into effect immediately upon the filing of a bankruptcy case and prohibits all entities from "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]"  11 U.S.C. § 362(a)(6).  However, Section 362(c)(4)(A) provides an exception where "2 or more single or joint cases of the debtor were pending within the previous year but were dismissed."  Where this occurs, the stay does not automatically go into effect upon the filing of the later case.  Id. § 362(c)(4)(A).  However, a party in interest may request the court to order the stay to take effect in the case after notice and hearing.  Id. § 362(c)(4)(B).  In order for the court to impose the stay in such a case, "the party in interest must demonstrate that the filing of the later case is in good faith as to the creditors to be stayed."  Id.  Where two or more previous cases in which the individual was a debtor were pending within a year of the filing of the later case, the case is presumptively filed in bad faith.  Id. § 362(c)(4)(D).  This presumption may be rebutted by clear and convincing evidence to the contrary.  Id.

Here, the debtor asserts that her current Chapter 13 case is filed in good faith.  She argues that there has been a substantial change in her financial affairs since the dismissal of the previous bankruptcy cases.  First, the debtor cites her husband's improved employment as a factor in her improved financial situation.  The debtor is married and her ability to meet her financial obligations is dependant upon both her income and that of her husband.  At the time the debtor filed her first Chapter 13 case, her husband was employed at Target Distribution, where he earned approximately $16.65 per hour.  However, during the early months of the first Chapter 13 case, the Internal Revenue Service (IRS) garnished Mr. Rodgers' wages due to unpaid income taxes.  Mr. Rodgers is now current with the IRS.  Further, on December 22, 2006, Mr. Rodgers

2

was injured in an automobile accident and was out of work until April of 2007. Although Mr. Rodgers received short-term disability payments during that time, the pay was less than half of his regular income. On December 3, 2007, Mr. Rodgers became employed at International Paper as a machine operator. Pursuant to International Paper's policy, Mr. Rodgers' employment is subject to a ninety-day probationary period, during which time his wage is $9.00 per hour. Mr. Rodgers' probationary period with International Paper will end on March 3, 2008. At the hearing, Mr. Rodgers testified that, based on reviews from his supervisor, he expects that his probationary period will end favorably and that his salary will increase to approximately $20.00 per hour on March 3, 2008. Mr. Rodgers is also employed part time as a high school and college basketball referee as a supplement to his income from International Paper.

Second, the debtor cites her own improved employment situation as evidence of her improved financial situation. In April, 2006, at the time of her first Chapter 13 petition, the debtor was employed by Carolina Cleaners and earned $7.50 per hour. At the hearing, the debtor testified that she worked at Carolina Cleaners for over seventeen years, but left her job in 2006 because her wage was capped at $9.50 per hour and she needed to earn more money to pay into her Chapter 13 plan. In July of 2007, the debtor became employed with the United States Postal Service, where she earned $17.51 per hour. However, her job ended in September of 2007. The debtor began a new job at Aerotek Staffing Agency on October 1, 2007, where she is currently employed making $9.50 per hour and works a forty hour week.

Finally, the debtor asserts that she has reduced her financial obligations from her prior bankruptcies. During her prior bankruptcies, the debtor was making payments towards a 2004 Nissan Altima. However, the debtor has now surrendered the car, thereby reducing her financial

3

obligations with the intent to reduce her overall plan payments in the current bankruptcy case.

Based on the evidence presented by the debtor, the court finds that the debtor has demonstrated by clear and convincing evidence that the present Chapter 13 bankruptcy case was not filed in bad faith.  First, Mr. Rodgers has substantially improved his employment situation from the prior Chapter 13 cases.  Mr. Rodgers' testimony indicates that his income will dramatically increase when his probationary period with International Paper ends on March 3, 2008.  Mr. Rodgers' part time employment as a referee is also a stable source of income, which is likely to increase over the life of the plan.  Although Mr. Rodgers has a child support obligation which will likely increase due to his increased income, the court is satisfied that his increased income will result in a net benefit to the debtor.  Second, Mrs. Rodgers, the debtor in this case, has demonstrated that she has a stable employment history and has tried to improve her employment position.  Although her employment with the U.S. Postal Service terminated during her second Chapter 13 case, the court does not believe this indicates an unstable employment pattern, as she was employed in her previous job for seventeen years.  Mrs. Rodgers is now steadily employed and expects to advance with her current employer.  Finally, the debtor has reduced her expenses by surrendering her vehicle.

Pursuant to the foregoing, court ALLOWS the debtor's motion and imposes the stay as to Green Tree, pursuant to the following terms.  The debtor is to immediately make her February 2008 payments to Green Tree and the Chapter 13 trustee.  If the debtor is more than ten days late on any payment to Green Tree during the life of the case, the stay will automatically lift and Green Tree is free to resume foreclosure proceedings and no further remedy will be available to the debtor.  The clerk is directed to serve a copy of this order on all other creditors in this case.

Unless an objection is filed within fifteen days of the date of this order, the stay will be imposed as to all creditors.

"**END OF DOCUMENT**"